# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 04-CR-87-LRR |
| vs. | **ORDER** |
| JOSEPH EDWARD ALDERMAN, | |
| Defendant. | |

The matter before the court is Defendant Joseph Edward Alderman's pro se motion to reduce sentence ("Motion") (docket no. 264), which the clerk's office filed on March 20, 2013. In the Motion, Defendant notes that the court's May 11, 2005 Judgment (docket no. 191) recommended to the Bureau of Prisons that Defendant receive credit for time served in Linn County, Iowa, Case No. FECR56339. *See* May 11, 2005 Judgment at 2. Defendant contends that, in computing his sentence, the Bureau of Prisons failed to give him credit for ninety days that he served in his state court cases. Defendant alleges that he has pursued administrative remedies and the Bureau of Prisons has advised him that it cannot credit him for the ninety days. Accordingly, Defendant requests that the court amend its Judgment and reduce his term of imprisonment from 151 months to 148 months, an amount equivalent to the uncredited time he served in his state court cases.

To the extent that Defendant requests that the court reduce his sentence, Defendant does not rely on any rule or statute that authorizes the court to alter judgment, and the court is not aware of any law that permits it to modify his sentence under the circumstances.

To the extent that Defendant requests the court give him credit for time served, the court finds that Defendant has failed to pursue the proper avenue for relief. Title 18, United States Code, Section 3585 directs that a defendant "be given credit toward the

service of a term of imprisonment for any time he [or she] has spent in official detention prior to the date the sentence commences . . . [if the official detention was] a result of the offense for which the sentence was imposed." 18 U.S.C. § 3585(b).

> [T]he Attorney General, through the Bureau of Prisons, has the responsibility for computing a sentencing credit under [18 U.S.C. §] 3585(b). *United States v. Wilson*, 503 U.S. 329, 334-35, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992). . . .
>
> . . . The Bureau of Prisons is responsible for computing the sentence credit after the defendant has begun serving his [or her] sentence. *Wilson*, 503 U.S. at 335, 112 S. Ct. 1351; *see also United States v. Moore*, 978 F.2d 1029, 1031 (8th Cir. 1992). Prisoners are entitled to administrative review of the computation of their credits, 28 C.F.R. §§ 542.10-542.16, and after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241. *Wilson*, 503 U.S. at 335, 112 S. Ct. 1351; *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004). These are the proper avenues through which [a defendant] may resolve any dispute about the length of his [or her] time in [official detention prior to the date the sentence commences].

*United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006). In this case, it appears that Defendant has pursued the appropriate administrative remedies and the Bureau of Prisons has informed him that, under the applicable statute and rule, it cannot give him the sentencing credit he requests. Defendant's only recourse is to file a habeas corpus petition under 28 U.S.C. § 2241.[1]

---

[1] The court notes that any habeas corpus relief appears unjustified. The court's May 11, 2005 Judgment recommended that Defendant receive credit for time served in Case No. FECR56339, but this recommendation is not binding on the Bureau of Prisons. Further, Defendant's objections relate to the charges referenced in Paragraphs 62 and 63 of the Presentence Investigation Report (docket no. 164). Paragraph 62 relates to a charge for forgery in Linn County, Iowa, Case No. FECR56487 (30 day sentence). That charge is unrelated to Defendant's federal case and, consequently, the court did not recommend

(continued...)

Accordingly, the Motion (docket no. 264) is **DENIED**. The clerk's office is **DIRECTED** to send a copy of this Order to Defendant.

**IT IS SO ORDERED**.

**DATED** this 21st day of March, 2013.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1](…continued) that Defendant receive credit for time served in Case No. FECR56487. Paragraph 63 relates to charges for interference with official acts, driving while barred, possession of a controlled substance precursor and eluding in Linn County, Iowa, Case No. FECR56339. Because possession of a controlled substance precursor was directly related to Defendant's federal offense, the court recommended to the Bureau of Prisons that Defendant be credited for time served in Case No. FECR56339. However, Defendant's possession of a controlled substance precursor and eluding charges were subsequently dismissed in the state court. The remaining charges for which Defendant was sentenced in state court—interference with official acts (30 day sentence) and driving while barred (30 day sentence)—are unrelated to Defendant's federal offense and, consequently, the Bureau of Prisons properly found that Defendant was not entitled to credit for time served on those charges.